Filed 1/25/16  P. v. Hamilton CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B260657 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA396475) |
| v. | |
| ALBERT HAMILTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  George G. Lomeli, Judge.  Affirmed.

Hancock and Spears, Alan E. Spears for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After a jury trial, defendant Albert Hamilton (defendant) was convicted on a charge that he inflicted corporal injury on a spouse/cohabitant, and the jury found true several alleged sentencing enhancements. Defendant's attorney on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raised no issues and asked us to independently review the record. We invited defendant to submit a supplemental brief and he has, arguing various claims that in his view warrant reversal. We summarize the facts below and we explain why defendant's contentions lack merit.

BACKGROUND

A.    *The Offense Conduct*

Defendant and the victim had been dating for about three years and lived in separate houses that were several blocks apart. They stayed at defendant's house when they wanted to be together.

The victim worked at a liquor store, and on April 11, 2012, defendant picked her up when she got off work. They traveled to his house and sat in his car drinking and listening to some music; the electricity had been turned off in defendant's house.

Defendant and the victim began arguing when defendant became angry because the victim accused defendant of being bisexual. They left defendant's car and went into his house, where the argument continued. Defendant took a picture frame and broke it on the victim's face, and then used a piece of the frame's broken glass to cut her on the side of her face.[1] She was bleeding, and defendant tried to wash her face. Afterwards, she had sex with defendant because she did not want to upset him any further. When she woke up the next morning and saw how serious the cut on her face was, she went to a

---

[1]    At trial, the victim recanted her statements to the police and hospital personnel— and while testifying at the preliminary hearing in the case—accusing defendant of cutting her, variously claiming that she could not recall what happened or that defendant did not cut her face with glass from the picture frame. The victim also denied at trial her previous statement that defendant told her to tell the authorities that she sustained the injury when she fell against a glass table.

hospital where medical personnel treated her wounds with stitches to her face, ear, and lip. Defendant, who also travelled to the hospital, was arrested by the police.

Detective Margrita Ramirez was assigned to investigate the incident between defendant and the victim. Detective Ramirez served a search warrant at defendant's home after the incident and found a picture frame with blood smeared on it and shard of glass stuck to the frame with a strand of hair that matched the color of the victim's hair. The detective also observed blood smeared on a wall and more blood in a bathtub. Glass on top of a coffee table at the residence was intact, meaning there were no broken pieces of glass around it or on it.

### B. *Procedural History*

The Los Angeles County District Attorney charged defendant in a two-count second amended information. Count 1 charged defendant with corporal injury to a spouse/cohabitant (Penal Code § 273.5,[2] subd. (a)), with the further allegation that he used a dangerous weapon in the commission of the offense (§ 12022, subd. (b)(1)), and that he inflicted great bodily injury in the commission of the offense (§ 12022.7, subd (e)). Count 2 charged defendant with forcible rape (§ 261, subd. (a)(2)). The amended information further alleged as to both counts that defendant had a prior conviction for a serious or violent felony (§§ 667, subds. (a)(1), (b)-(i)), 1170.12, subds. (a)-(d)); that the offenses were serious and violent felonies or an offense requiring registration pursuant to section 290, subdivision (c); and that any time in custody must be served in state prison pursuant to section 1170, subdivision (h)(3).

Prior to trial, defendant made a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) for discovery of the personnel records of Officer Margrita Ramirez, the officer who responded to defendant's apartment and who spoke with the victim. The trial court found good cause for disclosure of any complaints, and

---

[2] All further statutory references that follow are to the Penal Code.

3

ordered an in camera hearing. After conducting the in camera hearing, the court concluded no materials needed to be turned over to defense counsel in discovery.

After hearing the evidence presented during a four-day trial, the jury found defendant guilty on Count 1, the corporal injury to a spouse/cohabitant charge. The jury further found true the use of a dangerous weapon and infliction of great bodily injury allegations in connection with that count. The jury returned a verdict of not guilty on Count 2, the forcible rape charge. Defendant made a *Marsden*[3] motion and a motion for new trial, both of which were denied.

The court found the allegation that defendant suffered a prior conviction true. The court granted defendant's *Romero*[4] motion, and sentenced defendant to an aggregate term of thirteen years, consisting of the midterm of three years, plus five years under section 667 for defendant's prior conviction, four years for the great bodily injury enhancement, and one year for the enhancement alleging he used a dangerous weapon in the commission of the offense.

The court imposed a restitution fine pursuant to section 1202.4, subdivision (b), imposed and stayed a parole revocation fine pursuant to section 1202.45, imposed a $40 court operations assessment pursuant to section 1465.8, subdivision (a)(1), a $30 criminal conviction assessment pursuant to Government Code section 70373, and a $400 domestic violence fund fine pursuant to section 1203.097. Defendant was ordered to provide a DNA sample pursuant to section 296, and was granted 838 days of actual custody and 126 days of conduct credits for total credits of 964 days.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examining the record, defendant's attorney filed an opening brief raising no issues but asking that our

---

[3]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[4]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

independent review include the *Pitchess* proceedings in the trial court.  On September 14, 2015, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider.  Defendant submitted a handwritten brief, filed October 5, 2015, asserting various errors in the proceedings below.[5]  Although defendant's contentions of error are often difficult to decipher, he appears to argue: (1) a police report prepared by Detective Ramirez was not disclosed to the defense in discovery, (2) the trial court erred in denying his motion for new trial because the evidence was insufficient and the court improperly deferred to the jury's credibility findings, (3) some of the trial court's minute orders do not "match up" with what

---

[5]     After the 30-day deadline to submit a supplemental brief expired, defendant on three occasions submitted additional materials to the court.  On November 9, 2015, the court received five volumes of materials from defendant that he characterized as exhibits in support of his supplemental brief.  By order dated November 25, 2015, we construed defendant's submission as a motion to augment the record and denied the motion.

On December 9, 2015, after the cause had been submitted, the court received a 19-page handwritten submission from defendant with several attachments.  Defendant's submission asserts that a court reporter who transcribed the proceedings in the trial court prepared a "false" or "altered" set of trial transcripts.  Defendant also reprises the argument made in his October 5, 2015, supplemental brief that the trial court erroneously denied his new trial motion.  Permission to file the untimely December 9, 2015, submission is hereby denied.  Were we to consider the submission, we would hold its claims of altered and falsified transcripts are meritless.

On December 30, 2015, the court received another handwritten submission from defendant that again argued the court reporter had altered or falsified trial transcripts.  In defendant's 8-page submission (which attaches a trial court order), defendant asks that we order the trial court to provide him with "microfilm court reporter transcripts of the proceedings. . . ."  Defendant further argues his appellate attorney was constitutionally ineffective for filing a *Wende* brief and asks this court to appoint new counsel.  Permission to file the untimely December 30, 2015, submission is hereby denied.  Were we to consider the submission, we would hold its arguments for relief are meritless.

transpired during court proceedings, and (4) trial counsel provided constitutionally ineffective assistance.**6** We briefly describe why each of defendant's contentions fails.

### A. *Detective Ramirez Report*

Detective Ramirez was assigned to investigate the incident between defendant and the victim on April 13, 2012, and the detective attempted to interview the victim by phone on that date. The victim told Detective Ramirez she did not have time to talk. Four days later, on April 17, 2012, Detective Ramirez interviewed the victim in person at her home. Ramirez had with her the original arrest report dated April 12, 2012, that had been written by other investigators. Based on both contacts with the victim, Detective Ramirez testified that she prepared two reports, one dated April 13 and another dated April 17, 2012. Defendant complains that the prosecution did not provide to the defense a third police report that Detective Ramirez allegedly prepared.

Defendant's contentions lack merit. Defendant raised the issue of the purportedly missing police report in his new trial motion. At the hearing on that motion, the prosecution explained that there was no "third report." Rather, on an occasion when Detective Ramirez spoke to defendant, she wrote down what he told her on the reverse of the face sheet of the original arrest report in the case and then asked defendant to review the statement and sign it. The trial court found that it was likely Detective Ramirez did not consider the statement signed by defendant, written on the back of the face sheet of the arrest report, to be a separate report when asked while testifying how many reports she had written. The trial court further found, based on the prosecution's representations, that the handwritten statement had been turned over to the defense in discovery. We see no error in either of these findings.

---

**6** At several places in his supplemental brief, defendant presents other conclusory claims of error, sometimes just a heading with no further relevant discussion, e.g., "Judicial Misconduct." We need not and do not address these claims.

B.  *Motion for New Trial*

A trial judge "has broad discretion in ruling on a new trial motion, and the court's ruling will not be overturned absent a clear and unmistakable abuse of that discretion. [Citation.]  The court abuses its discretion, however, where it misconceives its duty, applies an incorrect legal standard, or fails to independently consider the weight of the evidence.  [Citation]" (*People v. Carter* (2014) 227 Cal.App.4th 322, 328 (*Carter*).)

Defendant contends the trial court erroneously denied his motion for a new trial arguing insufficiency of the evidence.  Defendant's motion claimed the evidence was insufficient because the victim recanted at trial her prior statements that demonstrated defendant was responsible for cutting her face.  The trial court was entitled to rely, however, on the victim's prior statements to investigators and her preliminary hearing testimony—all of which were consistent in identifying defendant as responsible for cutting her—notwithstanding the victim's trial testimony.  (Evid. Code § 1235; see also *People v. Brown* (2004) 33 Cal.4th 892 [referencing the tendency of domestic violence victims to later recant or minimize their descriptions of that violence].)

Citing *Carter*, however, defendant argues the trial court did not make an independent assessment of the evidence and instead deferred to the jury's determination concerning the victim's credibility.  Certain of the trial court's comments, taken in isolation, would give that impression.  For instance, the trial court stated "that the victim was quite steadfast in her testimony at trial that what happened to her was an accident and that the story or the statement that she made to the police was incorrect or they misheard it, but the credibility of that witness wasn't—was a judgment to be made by the jurors. And in this case, there was evidence that the victim had told quite a different story not once, not twice, but three times to the police to the nurse and then in vivid detail at the preliminary hearing."  But viewed in full, the record of the new trial motion hearing indicates the court understood its obligation to independently consider the evidence.

The court expressly stated at the outset of the hearing that it had reviewed the new trial motion and the People's opposition, and both filings set forth the correct "thirteenth

7

juror" standard the court should apply in deciding the motion. (See, e.g., *People v. Robarge* (1953) 41 Cal.2d 628, 633; *Carter, supra*, 227 Cal.App.4th at p. 327.) The trial court's comments also indicate the court had itself considered issues concerning the victim's credibility: "The story that [the victim] kind of fell on a coffee table or even on a picture frame would not explain the shape of the injury in this case. That was, I think, a point that was quite well made in arguments by counsel. [¶] And the story that the victim told, other than when she got to court, was, basically, consistent to the police, the nurse and during the preliminary hearing." There is nothing in the court's comments that would suggest this case involves a situation akin to the facts in *Carter*, where the trial court stated it found alibi evidence credible and had a reasonable doubt about the defendant's guilt but nevertheless denied the defendant's new trial motion. (*Carter, supra*, 227 Cal.App.4th at pp. 327-328.) We accordingly hold there was no abuse of discretion.

C.     *Claimed Discrepancies between Transcripts and Minute Orders*

Defendant asserts a July 5, 2012, minute order does not accurately reflect the proceedings that transpired in court on that date. Defendant is incorrect. The record contains a version of a July 26, 2012, minute order correcting the July 5, 2012, order nunc pro tunc to include the section 261, subdivision (a)(2) charge.

Defendant appears to also take issue with a July 10, 2012, minute order claiming that a transcript of the proceedings will: "properly reflect the details of the statement about the L.A.P.D. police sex report from L.A.P.D. Detective Ramirez-Mendoza on 4/13/2012, by Angela Jordan (DA), on July 10, 2012. The L.A.P.D. DR-numbers [that] match the L.A.P.D.-arrest police report[] number are, #12-1310306. This is factual evidence of courts records." Defendant does not specify the purported error in the minute order or transcript, and in any event, we have already discussed why defendant's claims about the Detective Ramirez police report fail.

8

D.  *Ineffective Assistance of Trial Counsel*

Defendant's supplemental brief argues trial counsel provided ineffective assistance of counsel. The precise nature of the claimed ineffective assistance is not clear, but it appears defendant believes his attorneys should have made greater or different use of Detective Ramirez's April 13, 2012, police report. (We assume defendant means either the report itself or defendant's written statement on the back of the original arrest report, see *ante*, at p. 6.) The record does not support defendant's contention that counsel provided constitutionally deficient representation during the trial court proceedings. (*Strickland v. Washington* (1984) 466 U.S. 668, 686; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) To the extent defendant's claim is based on matters outside the record, it is more appropriately assessed in a habeas corpus proceeding that permits, where circumstances warrant, the relevant facts to be developed. (*People v. Mendoza Tello, supra*, at pp. 266-267.)

E.  *Pitchess Hearing*

In his *Wende* brief, counsel for defendant specifically requested that we review the *Pitchess* proceedings in connection with our independent examination of the record. We have done so, including the transcript of the in camera hearing conducted August 30, 2012, which we find constitutes an adequate record of the trial court's review of any documents provided to it. The record reveals no abuse of discretion.

F.  *Conclusion*

We have examined the record and are satisfied defendant's attorney on appeal has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106, 122-124.)

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


We Concur:



TURNER, P.J.



KUMAR, J*.


---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.